**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 19-4071**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRENDAN JAMAL HOLT,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:18-cr-00102-CCE-1)

─────────────

Submitted:  February 10, 2022                Decided:  February 24, 2022

─────────────

Before GREGORY, Chief Judge, and NIEMEYER and HARRIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Whitney N. Shaffer, Special Assistant United States Attorney, Ashley E. Waid, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brendan Jamal Holt appeals his convictions and 186-month sentence imposed following his guilty plea to attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  Counsel for Holt has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the substantive reasonableness of Holt's sentence.  Although notified of his right to do so, Holt has not filed a pro se supplemental brief.  For the reasons that follow, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  Before assessing substantive reasonableness, we must first determine whether the sentence is procedurally reasonable. *See United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020).  In doing so, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-51.

At sentencing, the district court properly calculated the Guidelines range, allowed the parties to argue for an appropriate sentence, offered Holt a chance to address the court, and considered the § 3553(a) factors while thoroughly explaining its sentencing decision. Thus, we discern no procedural error.

2

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. In view of Holt's extensive criminal history, the seriousness of the instant offense conduct, and the need to protect the public from Holt's further criminal acts, we conclude that the district court acted well within its discretion in finding that a 186-month prison sentence was sufficient, but not greater than necessary, to satisfy the goals of sentencing. *See* 18 U.S.C. § 3553(a). Furthermore, we see nothing in the record that would rebut the presumption of reasonableness that attaches to Holt's within-Guidelines sentence. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Holt's criminal judgment. This court requires that counsel inform Holt, in writing, of the right to petition the Supreme Court of the United States for further review. If Holt requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Holt.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3